# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**KENNETH SMITH, on his own behalf and on behalf of others similarly situated,**

      **Plaintiff(s),**

v.

**DOLLAR TREE STORES, INC.,**

      **Defendant.**

_____/

**CASE NO.:**

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, KENNETH SMITH (hereinafter refered as "Plaintiff"), on behalf of himself and other non-exempt Assistant Store Managers ("ASM's"), by and through undersigned counsel, file this Complaint against Defendant, DOLLAR TREE STORES, INC. ("DTS" or "Defendant") and state as follows:

## NATURE OF THE ACTION

1.    Plaintiff alleges on behalf of himself and other similarly situated current and former non-exempt Assistant Store Manager ("ASM's") employees of the Defendant, who elect to opt into this action, pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid overtime wages from Defendant, (ii) entitled to unpaid minimum wages (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iv) entitled to damages under the common law doctrine of unjust enrichment; and (v) declaratory relief pursuant to 28 U.S.C. §2201.

2.      Specifically, Plaintiff complains that he, as well as other similarly situated ASM's, were regularly required to work off-the-clock, as a result of Defendant's nationwide corporate policy, whereby each "Dollar Tree" and "Deal$" store, operated by Defendant, had/has a strict amount of budgeted hours, allowable for employees' labor.

3.      Based on Defendant's nationwide policies requiring off-the-clock work, Plaintiff, and those employees similarly situated to Plaintiff, were not paid the statutorily required minimum wage and/or overtime premiums for all hours worked.

## JURISDICTION

4.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees

and costs.

5.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

6.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7.     This Court has jurisdiction over the unjust enrichment claims pursuant to 28 U.S.C. §1367.

8.     Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

## PARTIES

9.     At all times material hereto (2008-2011), Plaintiff, KENNETH SMITH, was a resident of Cobb County, Georgia.

10.     Further at all times material hereto, Plaintiff, KENNETH SMITH, was an non-exempt ASM's and performed related activities for Defendant in Cobb County, Georgia, among other counties.

11.     At all times material hereto Defendant, DTS, was, and continues to be a Foreign Profit Company.

12.     At all times material hereto, Defendant, DTS, was, and continues to be,

engaged in business in Georgia, with a place of business in Cobb County, Georgia.

13. Defendant, operates a total of over 4,000 retail store outlets under the "Dollar Tree" and "Deal$" brand names, throughout the United States.

## COVERAGE

14. At all times material hereto (2008-2011), Plaintiff was Defendant's "employee" within the meaning of the FLSA.

15. At all times material hereto, Defendant was the Plaintiff's "employer" within the meaning of the FLSA.

16. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

17. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

18. Specifically, at all material times hereto, Defendant operated over four thousand (4,000) retail stores in multiple states, throughout the United States simultaneously.

19. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20.     At all times material hereto, the annual gross revenue of Defendant was in excess of $500,000.00 per annum.

21.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials such as cleaning supplies, toys, floral supplies, arts and crafts, personal hygiene items, etc., that had been moved in or produced for commerce.

22.     At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

23.     At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

## STATEMENT OF FACTS

24.     Defendant operates DTS stores throughout the United States, where they sell all merchandise for one dollar ($1.00).

25.     DTS is able to sell its goods at just $1.00 each by importing 40 to 45% of its products from foreign countries, and buying the remaining 55-60% domestically, largely by purchasing "close out" merchandise.

26.     On average, each DTS store carries 6,000 items at any given time. Defendant ensures such a volume of items in all of its stores, by daily deliveries to each of its stores of new merchandise.

27.    Plaintiff was employed by Defendant as non-exempt hourly-paid ASM's.

28.    Plaintiff, KENNETH SMITH, worked in this capacity from approximately 2009 through 2011.

29.    As ASM's, Plaintiff was paid hourly wages in exchange for work performed for Defendant.

30.    Defendant employed hundreds, if not thousands, of ASM's who were paid an hourly wage as well.

31.    Plaintiff and those similarly situated to him, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

32.    Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiff, and those similarly situated to him, overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

33.    Similarly, Defendant failed to pay Plaintiff, and those similarly situated to him, at least the minimum wage for all hours of work.

34.    Defendant's failure to pay Plaintiff, and those similarly situated to him, minimum wage and/or overtime premiums, resulted from a nationwide pay

policy, whereby all of Defendant's stores required ASM's to work off-the-clock.

35. Such nationwide off-the-clock policy resulted directly from Defendant's unrealistic mandated budgeted hours for each store, as dictated by Defendant's high-level executives.

36. Such unrealistic, mandatory budgeted hours, were and are in place at all of Defendant's stores nationwide.

37. In order to maintain labor hours, as required by the budgeted hours program that DTS dictates to all of its stores, the in-store management require the ASM's to work off-the-clock, or work without recording at least some of their hours worked.

38. Defendant was aware of the off the clock hours performed by Plaintiff and the class members.

39. In addition to Plaintiff, Defendant has employed and continues to employ hundreds, if not thousands, of other individuals as ASM's who performed and continue to perform the same or similar job duties under the same pay provision as Plaintiff and the class members nationwide.

40.    Defendant was unjustly enriched by accepting the benefit and value of the off the clock work performed by its ASM's but not compensating Plaintiff for this work.

41.    Defendant has violated Title 29 U.S.C. §§206-207 at least from July 2008 and continuing to date, in that: Plaintiff worked in excess of forty (40) hours per week for her periods of employment with Defendant;

      a.    No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

      b.    No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at a rate equal to the applicable Federal minimum wage, for all hours worked, as required by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

42.    Plaintiff and the class members were all hourly-paid ASM's and performed the same or similar job duties as one another such as sales, stocking, scheduling, freight processing, processing reports, opening and closing

procedures and customer service on behalf of Defendant to their customers on the sales floor.

43.    Further, Plaintiff and the class members were subjected to the same pay provisions in that they were all hourly-paid, but were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek and/or were not paid anything whatsoever, for at least some hours of work each week.

44.    ASMs were typically required to take an unpaid lunch break if they were scheduled to work a shift of six (6) or more hours.

45.    However, ASM's were rarely allowed to take an uninterrupted lunch break if they were scheduled to work a shift of six (6) or more hours.

46.    During these mandatory thirty (30) minute "unpaid meal breaks," ASM's were not permitted to leave the premises of the store at which they were working.

47.    This was due to Defendant's uniform personnel policy requiring at least one (1) ASM or Store Manager to be on duty at all times during working hours, as well as Defendant's requirement that a minimum of two (2) in-store employees be on duty at all times.

48.    Because ASM's were often scheduled with only one (1) other employee

on duty, ASM's were required to work through their thirty (30) minute breaks on almost all scheduled shifts.

49.    Further, because only ASM's or Store Managers (not other hourly employees) were allowed to perform certain duties in the store, such as re-stocking the change in a register, or dealing with an unruly customer, ASM's were constantly required to work through their "unpaid meal breaks" while off-the-clock.

50.    As a result, ASM's were virtually never able to take a thirty (30) minute uninterrupted breaks.

51.    Notwithstanding the fact that ASM's were virtually never able to take a thirty (30) minute uninterrupted break, Defendant required that each ASM record a thirty (30) minute "unpaid meal break" in all shifts in which they worked six (6) or more hours.

52.    In addition ASM's also frequently performed work off-the-clock due to Defendant's nationwide policy requiring that each store deposit its daily receipts for in-store sales prior to the opening of the store the following day.

53.    Specifically, Defendant required ASM's, at all of its Georgia stores to complete bank drops subsequent to the time they had clocked out for the day and prior to the time the clocked in for the next day.

54.   Thus, the class members are owed minimum and overtime wages for the same reasons as Plaintiff.

55.   Defendant's failure to compensate employees for some hours worked in a workweek as required by the FLSA results from a policy or practice of failure to assure that ASM's are/were paid for all hours worked based Defendant's companywide policy of mandating off-the-clock work, to ensure that the labor hours in each store stay within the hours budgeted for the store by Defendant's management.

56.   This policy or practice was applicable to Plaintiff and the class members.   Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.   Rather, the same policy or practice which resulted in the non-payment of minimum wages and/or overtime to Plaintiff applied and continue to apply to all class members. Accordingly, the class members are properly defined as:

> **All Assistant Store Managers who worked for Defendant within the state of Georgia within the last three years who were not compensated at least minimum wage for all hours worked and/or at least at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

57.   Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with

respect to Plaintiff and the class members.

58.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices:

    (a)    case law;

    (b)    the FLSA, 29 U.S.C. § 201, *et seq.*; or

    (c)    Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

59.     During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate at least equal to minimum wage and/or at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

60.     Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

61.     Defendant has failed to maintain accurate records of Plaintiff and the class members' work hours in accordance with the law.

## **CLASS ALLEGATIONS**

62.     Plaintiff sues on his own behalf and on behalf of a class of persons under

Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

63.     Plaintiff brings his unjust enrichment claim on behalf of all employees who were employed by Defendant in Georgia at any time since **July 2008** to the entry of judgment in this case (the "Class Period"), who were "non-exempt hourly paid assistant store managers" employees within the State of Georgia and who have not been paid for all hours actually worked.

64.     The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are hundreds of members of the Class during the Class Period.

65.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where an individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

66.     The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

67.     Application of this policy or practice does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiffs applied, and continues to apply, to all class members.  Accordingly, the class members are properly defined as:

> **All assistant store managers who worked for Defendant throughout Georgia within the last five years who were not paid for all hours worked in one or more workweeks.**

68.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

69.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

70.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.     Whether Plaintiff and members of the Class worked off the clock hours as alleged;

    b.     Whether Defendant was aware that Plaintiff and members of the Class worked off the clock hours as alleged;

    c.     Whether the Defendant failed to keep true and accurate time

records for all hours worked by Plaintiff and members of the
Class;

d.     What proof of hours worked is sufficient where employers fail in
their duty to maintain time records;

e.     Whether Defendant failed and/or refused to pay the members of
the Class for all hours worked as alleged;

f.     Whether the Defendant is liable for all damages claimed
hereunder, including but not limited to, costs, disbursements and
attorney's fees.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

71.    Plaintiff re-alleges and re-avers paragraphs 1 through 70 the Complaint
as if fully set forth herein.

72.    From at least 2009, and continuing through 2011, Plaintiff worked in
excess of the forty (40) hours per week for which Plaintiff was not
compensated at the statutory rate of one and one-half times Plaintiff's regular
rate of pay.

73.    Plaintiff was, and is entitled to be paid at the statutory rate of one and
one-half times Plaintiff's regular rate of pay for those hours worked in excess

of forty (40) hours.

74.    At all times material hereto, Defendant failed, and continues to fail, to maintain proper/accurate time records as mandated by the FLSA.

75.    To date, Defendant continues to fail to pay their non-exempt hourly-paid employees their FLSA mandated overtime pay, despite their recognition that their position is non-exempt and entitled to same.

76.    Defendant's actions in this regard was/is willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by its continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

77.    Defendant has failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

78.    Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

79.    Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## RECOVERY OF MINIMUM WAGES

80.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 70 above.

81.    Plaintiff was/is entitled to be paid minimum wage for each hour they worked during their employment with Defendant.

82.    Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate them for the same.

83.    As a result of Defendant's actions or inactions in this regard, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of their employment with Defendant.

84.    Defendant willfully failed to pay Plaintiff minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

85.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

## COUNT III
## UNJUST ENRICHMENT

86.    Plaintiff reasserts and reincorporates by reference all allegations contained

within paragraphs 1 through 70 above.

87.     This Court has supplemental jurisdiction over Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as their minimum wage and overtime claims.

88.     Plaintiff and all others similarly situated to him performed off the clock as referenced above.

89.     Plaintiff and all others similarly situated ASM's were not compensated for these hours.

90.     Defendant knowingly accepted the ASM's off the clock work, but Defendant did not compensate Plaintiff for this work.

91.     Defendant has been unjustly enriched as a result of its accepting the work of Plaintiff and other similarly situated employees without proper compensation. It would be unjust to allow Defendant to enjoy the fruits of the collective class' labor without proper compensation.

92.     Plaintiff's unjust enrichment claim seeks unpaid straight time compensation for the ASM's off the clock work where Plaintiff made at least the minimum wage for all hours worked.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a.   Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and their counsel to represent the Class;

b.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

c.   An award of unpaid minimum wages and overtime compensation due under the FLSA;

d.   Straight time compensation under state law unjust enrichment for time spent working off the clock for those workweeks where

Plaintiff and the class members made at least the minimum wage for all hours worked;

e.   An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C § 216;

f.   An award of prejudgment and post judgment interest;

g.   Declaratory relief pursuant to the DJA and FLSA finding that all hours worked by Plaintiff and the class members should be paid at an amount at least equal to the applicable minimum wage and that all hours worked over forty in a workweek should be paid time and one-half of an employees' regular rate of pay;

h.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:      July ___, 2011.

Respectfully submitted by,

Deirdre M. Stephens, Esquire
GABN 678789
Morgan & Morgan, P.A.
191 Peachtree St. NE, Ste. 4200
Atlanta, GA 30303
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
Email: djohnson@forthepeople.com
Attorneys for Plaintiff