# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff Kenneth Smith ("Plaintiff") and Dollar Tree Stores, Inc. ("Dollar Tree") (Plaintiff and Dollar Tree are collectively referred to herein as the "parties") as of the Effective Date stated below.

WHEREAS, Plaintiff was employed by Dollar Tree at Dollar Tree Stores located in Florida;

WHEREAS, Plaintiff terminated employment with Dollar Tree on or about April 21, 2011 (the "Termination");

WHEREAS, on or about July 14, 2011, Plaintiff filed a Complaint against Dollar Tree with the United States District Court for the Northern District of Georgia, Atlanta Division , styled *Kenneth Smith et al v. Dollar Tree Stores, Inc.,* No. 1:11-cv-2299-SCJ, related to his employment with Dollar Tree, ("the *Smith* Action");

WHEREAS, Plaintiff's Complaint in the *Smith* Action was styled as a collective action, however, no collective action has been certified in the action and no notice of the action has been sent to putative class members;

WHEREAS, on September 12, 2012, the *Smith* Action was transferred on Dollar Tree's motion to the Eastern District of Virginia (the "District Court"), No. 2:12-cv-00267-RAJ-DEM;

WHEREAS, Dollar Tree explicitly and expressly denies all of the allegations in the *Smith* Action, and further denies that it has caused Plaintiff any damage or injury, or in any way acted in an unlawful or improper manner toward him and/or in connection with his employment with Dollar Tree; and

WHEREAS, to avoid the possible future costs, burdens, or distractions of litigation, the Plaintiff and Dollar Tree now desire and, through the execution of this Agreement, intend to dispose of and resolve fully and completely any and all wage and hour disputes, causes of action, claims, issues, and/or differences between Plaintiff and Dollar Tree, including, but not limited to, those which have arisen, could have arisen out of, and/or are in any way related to the *Smith* Action and/or Plaintiff's employment with Dollar Tree.

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein and the consideration being provided to Plaintiff as set forth below, the adequacy of which Plaintiff hereby acknowledges, the parties agree as follows:

1.    Payments to Plaintiff and Plaintiff's Counsel. In exchange for the promises made by Plaintiff in this Agreement, Dollar Tree agrees to make the following payments in the following amounts, adding up to the total, gross amount of Six Thousand Dollars and Zero Cents ($6,000.00), less tax withholdings and other withholdings as required or permitted by law, and upon the terms set forth in this Agreement:

a.      a check made payable to Kenneth Smith  in the amount of One Thousand Two Hundred Sixty-seven Dollars and Fifty-five Cents ($1,267.55), less tax withholdings and other withholdings as required or permitted by law.

Dollar Tree will issue to Plaintiff an IRS Form W-2 in connection with this payment. Plaintiff agrees he is solely responsible for any additional or applicable taxes, penalties, interest, or other amounts due on the payments described above, and shall indemnify Dollar Tree and/or its respective successors, assigns, parents, subsidiaries, divisions, affiliates, insurers, officers, directors, trustees, governors, employees, agents and representatives and hold it/them harmless for any taxes, penalties, or interest he becomes required to pay related to the payment described above.   Notwithstanding the foregoing, Dollar Tree remains responsible for employer-side taxes, while Plaintiff remains responsible for employee-side taxes.

b.      a check made payable to "Morgan & Morgan and Shavitz Law Group" in the amount of Four Thousand Seven Hundred Thirty-two Dollars and Forty-five Cents ($4,732.45) for costs.

Dollar Tree will issue to Plaintiff's Counsel an IRS Form 1099 in connection with this payment. Plaintiff's Counsel agrees they are solely responsible for any additional or applicable taxes, penalties, interest, or other amounts due on the payments described above, and shall indemnify Dollar Tree and/or its respective successors, assigns, parents, subsidiaries, divisions, affiliates, insurers, officers, directors, trustees, governors, employees, agents and representatives and hold it/them harmless for any taxes, penalties, or interest he/she becomes required to pay related to the payment described above.

c.      Dollar Tree shall deliver the checks described in Paragraphs 1.a. and 1.b. to Plaintiff's counsel within ten (10) business days after the last to occur of the following: (a) Dollar Tree's counsel has received a copy of this Agreement bearing the original signature of Plaintiff; (b) Dollar Tree's counsel has received a copy of the Stipulated Agreement of Dismissal in the form attached as Exhibit A hereto bearing the original signature of Plaintiff; (c) the Court has approved this Agreement; and (d) the Order of Dismissal Pursuant to the Stipulated Agreement of Dismissal, in the form attached as Exhibit A, has been signed by the Court in the *Smith* Action and entered in the docket.

2.      <u>No Consideration Absent Execution of this Agreement</u>. Plaintiff understands and agrees that the payment described above in Paragraph 1 would not be provided except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained in this Agreement.

3.      <u>Fees and Costs</u>. The parties agree to bear their own fees, costs, and expenses, including attorneys' and experts' fees and expenses, in connection with the litigation, negotiation, and settlement of Plaintiff's claims and the *Smith* Action.

2

4.      Waiver and Release by Plaintiff.

a.   Release and Dismissal with Prejudice of Plaintiff's Claims: In exchange for the consideration stated above and provided to Plaintiff, the adequacy of which Plaintiff hereby acknowledges, Plaintiff irrevocably and unconditionally releases all the wage and hour claims described below in Paragraph 4(c) of this Agreement that Plaintiff may have against the following persons or entities (collectively, the "Released Parties"): Dollar Tree, all current and former, direct and indirect, parents, subsidiaries, brother-sister companies, and all other affiliates and related partnerships, joint ventures, or other entities, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, employee benefit programs (and the trustees, administrators, fiduciaries, and insurers of such programs), and any other persons acting by, through, under or in concert with any of the persons or entities listed in this section, and their successors. Plaintiff understands that by entering into this Agreement, he is voluntarily agreeing to dismiss all of his claims in the *Smith* Action. This settlement is in full and final satisfaction of any and all of Plaintiff's claims in the *Smith* Action, including claims for attorneys' fees and costs, whether made by the Plaintiff or his attorney(s), and the Plaintiff hereby agrees that neither he nor his attorney will make any claim for attorneys' fees or costs under any statute or under any other legal theory in the *Smith* Action or in any another matter.

b.   Execution of Stipulated Agreement. Plaintiff agrees to execute the Stipulated Agreement of Dismissal attached as Exhibit A which contains a statement that Plaintiff dismisses all class and/or collective allegations raised in the *Smith* Action, and that Plaintiff's claims in the *Smith* Action are settled and dismissed with prejudice and without an award of attorney's fees or costs to either party. Plaintiff further agrees he shall deliver to Dollar Tree's counsel an executed copy of the Stipulated Agreement of Dismissal and shall file it with the Court and take any and all further action that is necessary or required for the District Court to dismiss the *Smith* Action with prejudice and without an award of attorney's fees or costs, and for the District Court to approve this Agreement.

c.   Claims Released.  In exchange for the consideration provided, Plaintiff releases, relinquishes, and gives up (and agrees not to file any suit with respect to) any and all claims, suits, and causes of action which Plaintiff may have or hold against the Released Parties of and from all actions, causes of action, suits, debts, dues, sums of money, damages, judgments, executions, claims and demands whatsoever, whether individual or collective, in law or in equity, foreseen or unforeseen which Plaintiff ever had, now has or which he or his heirs, executors, personal or legal representatives, administrators, successors or assigns hereafter shall, can or may have from the beginning of the world to the Plaintiff's execution of this Agreement, arising out of and based on Plaintiff's wages, hours, and conditions of employment, including but not limited to the following categories of claims: (a) any and all claims for the failure to properly calculate and/or pay any type of regular wages, minimum wages and/or overtime wages; (b) any and all claims for the failure to provide uninterrupted meal and or rest periods and/or pay for time worked during meal and/or rest periods; (c) any and all claims for the failure to pay for time worked when making bank deposits; (d) any and all claims of off-the-clock work; and (e) any and all claims for penalties related to any of the above categories of claims, including without limitation statutory, constitutional, contractual or common law claims for wages, back

3

pay, bonus, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief) ("Released Claims"). The Released Claims include without limitation all such claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and similar state or local law; federal common law; any other state, federal and local law, regulation and ordinance related to wages and hours; and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* The foregoing release includes, but is not limited to, any and all claims alleged in the *Smith* Action and/or in the decertified collective action styled *Tanya Young v. Dollar Tree Stores, Inc.*, No. 1:11-cv-01840 (D. Colo.), as well as any and all claims in any way arising out of, relating to or resulting from the *Smith* Action.

d. <u>No Pursuit of Released Claims.</u> Plaintiff represents that other than the *Smith* Action, he has not filed, joined, submitted or caused to be filed any other lawsuit, complaint or charge encompassing any claim released by this Agreement. Plaintiff promises never to file, prosecute, join, opt-in or participate in a lawsuit (including a collective action or class action) or other complaint or charge asserting any claims that are released by this Agreement. Plaintiff promises never to seek and never to accept any damages, remedies, or other relief for Plaintiff personally (any right to which Plaintiff hereby waives) with respect to any of the Released Claims, in any proceeding.

e. <u>Enforcement of Agreement and Unwaivable Claims</u>. This release does not release any claims the law does not permit Plaintiff to release. Nothing in this Agreement shall be construed to prohibit Plaintiff from enforcing this Agreement or from filing a charge with the Equal Employment Opportunity Commission, local human rights agency or the National Labor Relations Board, or from participating in any investigation or proceeding conducted by these agencies. Notwithstanding the foregoing, Plaintiff agrees to waive his right to recover monetary damages for any Released Claim in any charge, complaint, or lawsuit filed by Plaintiff or by anyone else on his behalf. Plaintiff assures Dollar Tree that as of the date of execution of this Agreement by Plaintiff, Plaintiff is not aware of any fact or circumstance that Plaintiff believes creates any duty or obligation on the part of Plaintiff to report any matter or concern to any governmental agency.

f. If the release of any claim described herein is found invalid, Plaintiff acknowledges and agrees that such invalidity has no effect on the validity of the release of any other claim and that this Agreement shall remain valid and enforceable so long as the release of claim provisions that are found valid and enforceable are acceptable to Dollar Tree.

g. <u>Ownership of Claims</u>. Plaintiff represents that Plaintiff has not assigned or transferred, or purported to assign or transfer, all or any part of any claim released by this Agreement.

h. <u>Class or Collective Action Claims</u>. Plaintiff acknowledges and agrees that included among the Released Claims are any and all wage and hour claims that have been, or may be, asserted by him/her or by any other person or entity on his/her behalf in any class action or collective action relating to the Released Parties including but not limited to Dollar Tree. Consistent with the terms of this Agreement:

4

    i.     Plaintiff waives any right to become, and promises not to consent to become, a member of any class or collective action in a case in which Released Claims are asserted against one or more of the Released Parties and that involve events which have occurred as of the date Plaintiff signs this Agreement; and

    ii.    Plaintiff waives any and all rights he might otherwise have to receive notice of any class or collective action asserting Released Claims against any of the Released Parties. In the event that Plaintiff is included or identified as a member, or potential member of a class in any proceeding asserting Released Claims against the Released Parties, Plaintiff agrees to opt out of the class at the first opportunity afforded to him after learning of his/her inclusion. In this regard, Plaintiff agrees that he will execute, without objection or delay, an "opt-out" form presented to him/her in connection with such proceeding.

    i.    <u>Waiver of Right to Appeal</u>. Plaintiff will not appeal, and hereby waives any and all rights to appeal, from the order dismissing the class and collective allegations and Plaintiff's claims in the *Smith* Action, and/or Judgment in the *Smith* Action, including all rights to any post-Judgment proceeding and appellate proceeding, such as a motion to vacate judgment, a motion for new trial, and any extraordinary writ, and the Judgment therefore will become final and nonappealable at the time it is entered. This waiver does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings.

    5.    <u>No Liens.</u> Plaintiff warrants and represents that there are no liens or encumbrances on his claims, including but not limited to Workers' Compensation liens, physicians' liens, and/or attorney liens. Plaintiff expressly acknowledges that, in any case, all obligations to satisfy such liens are the sole responsibility of Plaintiff, and not of Dollar Tree. Plaintiff also agrees that if any liens or encumbrances on his claims should arise between the date he signs the Agreement and the date on which the funds identified in Paragraph 1 of this Agreement are paid and Dollar Tree is required by law to pay such lien or encumbrances, Dollar Tree's payment of the lien or encumbrance shall act as an offset to Dollar Tree's obligations to Plaintiff set forth herein.

    6.    <u>Denial of Liability</u>. It is expressly understood and agreed to by and among the parties hereto that by entering into this Agreement, Dollar Tree and Plaintiff do not admit the truth of the allegations made in the *Smith* Action, and this is a compromise of disputed claims which should not be construed as an admission of liability or wrongdoing, and shall not be admitted into evidence in any proceeding as an admission of liability or wrongdoing, on the part of any party. Dollar Tree expressly denies any wrongdoing or liability to the Plaintiff.

    7.    <u>No Future Employment</u>. Plaintiff understands that his employment with Dollar Tree terminated forever in 2011, and he promises never to seek employment with Dollar Tree in the future (including but not limited to employment as an employee or engagement as a temporary employee, seasonal employee, or contractor). This restriction shall apply to Plaintiff's employment only and not to the employment of his heirs, successors and assigns. The Released Parties have the right to refuse to re-employ Plaintiff without liability.

8.    All Compensation Paid.  Plaintiff agrees and acknowledges that he has been paid for all hours worked and all services provided as an employee of the Dollar Tree, including without limitation, all compensation, bonuses, expenses, and all accrued but unused paid time off benefits, such as vacation.

9.    Assigns and Successors-in-Interest.  This Agreement shall be binding upon and inure to the benefit of the heirs, successors, and assigns of the parties hereto.  Nothing herein shall be construed to prevent the heirs, successors or assigns of Plaintiff from seeking employment with Dollar Tree (including but not limited to employment as an employee or engagement as a temporary employee, seasonal employee, or contractor).

10.    Consequences of Plaintiff's Violation of Promises.

   a.  General Consequences:  If Plaintiff breaks any of his promises in this Agreement, for example, by filing or prosecuting a lawsuit based on claims that Plaintiff has released, or if any representation made by Plaintiff in this Agreement was false when made, Plaintiff (a) shall forfeit all right to future benefits under this Agreement; (b) must repay all benefits previously received, pursuant to this Agreement, upon Dollar Tree's demand.

   b.  Injunctive Relief:  Plaintiff further agrees that Dollar Tree would be irreparably harmed by any actual or threatened violation of Subparagraphs 4(a) through 4(j), and that Dollar Tree shall be entitled to an injunction prohibiting Plaintiff from committing any such violation.

11.    Non-Disparagement.  Plaintiff agrees to refrain from criticizing, denigrating or otherwise disparaging Dollar Tree or any Released Party in any private or public forum, including but not limited to newspapers, television, radio, or the internet or other internet feature such as a blog, and agrees to refrain from making statements about any Released Party, Plaintiff's employment with Dollar Tree, or his involvement in the *Smith* Action, or any general matter concerning any Released Party's reputation, standing in the business community, business practices, or products; provided, however, that nothing in this Agreement will prohibit Plaintiff from (1) complying with any valid subpoena or court order; or (2) initiating or cooperating with any official investigation conducted by a law enforcement or other governmental agency.  Dollar Tree agrees to instruct its senior executives (vice president or higher) to refrain from criticizing, denigrating or otherwise disparaging Plaintiff in any private or public forum, including but not limited to newspapers, television, radio, or the internet or other internet feature such as a blog, and to refrain from making statements about Plaintiff, Plaintiff's employment with Dollar Tree, or Plaintiff's involvement in the *Smith* Action, or any general matter concerning Plaintiff's reputation, standing in the business community or business practices; provided, however, that nothing in this Agreement will prohibit Dollar Tree from (1) complying with any valid subpoena or court order; or (2) initiating or cooperating with any official investigation conducted by a law enforcement or other governmental agency.

13.    Applicable Law.  The existence, validity, construction, and operation of this Agreement, and all of its covenants, agreements, representations, warranties, terms, and conditions shall be determined in accordance with the laws of the State of Virginia, without

giving effect to the principles of conflicts of law. The sole venue for any action relating to this Agreement, including but not limited to its interpretation and/or enforcement, is the United States District Court for the Eastern District of Virginia.

14.    Entire Agreement. This Agreement sets forth the entire agreement between the parties, and fully supersedes all prior and/or contemporaneous agreements or understandings between the parties which pertain to the subject matter hereof. The terms of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement and no extrinsic evidence whatsoever may be introduced to vary its terms in any judicial proceeding involving this Agreement.

15.    Modification. This Agreement may be modified, but only if the modification is in writing and signed by all parties to this Agreement.

16.    Severability. Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement.

17.    Counterparts. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

18.    Joint Effort. The parties stipulate that this Agreement was prepared by and is the joint effort of the parties through negotiations. Accordingly, any ambiguity, uncertainty or vagueness in the construction and interpretation of this Agreement shall not be attributed to either Plaintiff or Dollar Tree, and the theory of construction that a document should be construed against the party drafting the document is waived and will not be applied in construing this Agreement.

19.    Interpretation. This Agreement will be construed as a whole according to its fair meaning, and not strictly for or against any of the parties. Unless the context indicates otherwise, the term "or" will be deemed to include the term "and" and the singular or plural number will be deemed to include the other. Paragraph headings used in this Agreement are intended solely for convenience of reference and will not be used in the interpretation of any of this Agreement.

20.    Review of the Agreement. Plaintiff acknowledges that he has carefully read this Agreement and understands all of its terms, and that he signs it voluntarily with full knowledge of its significance after adequate opportunity for consideration and consultation with an attorney/advisor. Plaintiff represents that no payments or consideration have been promised to him for executing or delivering this Agreement other than those described herein, and that the payment and benefit described herein shall constitute the entire amount of consideration provided to him under the Agreement. Plaintiff further represents that he is not relying on any representations or promises not contained in this Agreement. Plaintiff acknowledges that the amount provided in Paragraph 1 constitutes adequate and sufficient consideration for the claims released herein and any other promises made under this Agreement. The recitals stated above are

7

incorporated herein by reference. The parties have each received or had the opportunity to receive independent legal advice from attorney(s) of their choice with respect to the preparation, review and advisability of executing this Agreement. Plaintiff has consulted with counsel of his choice prior to execution of this Agreement.  The parties acknowledge that they have executed this Agreement after independent investigation and without fraud, duress or undue influence.

21.     Approval of Court.  This Agreement must be approved by the District Court in order to become effective, and it shall be null and void ab initio if it is not approved by the District Court.

22.     Effective Date.  After being executed by Plaintiff and Dollar Tree, this Agreement will become effective on the date on which it is approved by the District Court and Plaintiff's claims in the *Smith* Action are dismissed.

IN WITNESS WHEREOF, and intending to be legally bound, the parties have executed this Agreement as of the date stated below.

[Signature on next page]

Agreed to and accepted by _M Michael Smith_____   _2-19-14_____

Kenneth Smith                                                  Date

STATE OF __Georgia_____ )

                                           )   ss.: _____, _____

COUNTY OF __Bartow__ )

   On __2-19-14_____, before me personally appeared _Kenneth Smith_, known to me to be the individual described herein, who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same as his free act and deed.

Sworn to before me on this _19_ day of _February_, 2014.

_Cameron R. Smedley_____

Notary Public/Commissioner
of the Superior Court

                              Cameron R. Smedley
                    My Commission Expires March 15th, 2015
                         Notary Public, State of Georgia
                                  Fulton County

Agreed to and accepted by:

*Amy Morrissey Turk*      02/13/14

Dollar Tree Stores, Inc.        Date

Name: *Amy Morrissey Turk*

Title: *Assistant General Counsel, Employment*

COMMONWEALTH OF VIRGINIA )

                         )    ss.: _____, _____

CITY OF CHESAPEAKE     )

On *February 13, 2014* before me personally appeared *Amy M. Turk*, representative of Dollar Tree Stores, Inc., who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he/she executed the same as his/her free act and deed and the free act and deed of Dollar Tree Stores, Inc.

Sworn to before me on this *13th* day of *February*, 2014.

*Cathy J. Eichelbaum*

Notary Public/Commissioner of the Superior Court

CATHY J. EICHELBAUM
NOTARY PUBLIC
REG. #212830
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES JUNE 30, 2017

10

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

|  |  |  |
|---|---|---|
| KENNETH SMITH, on his own behalf and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff(s), | ) ) ) | |
| v. | ) ) | 2:12-cv-00267-RAJ-DEM Judge Raymond A. Jackson |
| DOLLAR TREE STORES, INC., | ) ) ) | |
| Defendant. | ) ) ) ) | |

## STIPULATED AGREEMENT AND REQUEST FOR DISMISSAL

WHEREAS, Plaintiff Kenneth Smith ("Plaintiff") brings this Action asserting claims against Defendant Dollar Tree Stores, Inc. ("Dollar Tree") (collectively, the "Parties"), pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") related to his employment at Dollar Tree;

WHEREAS, Dollar Tree explicitly and expressly denies all of the allegations in this Action, and further denies that it has caused Plaintiff any damage or injury, or in any way acted in an unlawful or improper manner toward him and/or in connection with Plaintiff's employment with Dollar Tree; and

WHEREAS, Plaintiff's Complaint in this Action was styled as a collective action, however, no collective group has been certified in the action and no notice of the action has been sent to putative class members;

WHEREAS, to avoid the possible future costs, burdens, or distractions of litigation, the Plaintiff and Dollar Tree have entered into a settlement resolving all of Plaintiff's claims in this matter and now desire and consent to dismissal with prejudice of all of Plaintiff's claims in the above-captioned Action;

WHEREAS, a copy of the settlement agreement has been submitted to the Court for its review;

WHEREAS, pursuant to the FLSA, claims for back wages and other damages arising under the FLSA may be settled or compromised with the approval of the district court or the Secretary of Labor. *See* 29 U.S.C. § 216(b); *Lynn's Food Stores, Inc., v. U.S.*, 679 F.2d 1350, at 1354; *see also Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, at 712-13 (1945);

WHEREAS, the Parties have been represented, at all times, by experienced counsel, and there has been sufficient investigation and discovery with respect to Plaintiff's claims to allow counsel to act intelligently and to make an informed decision regarding settlement;

WHEREAS, the Parties expressly agree that the settlement, the terms of which are contingent upon approval by the Court, represents a fair and equitable resolution of this matter;

NOW THEREFORE, the Parties respectfully request that this Court (1) approve the settlement between the Parties and (2) dismiss all class and collective allegations in this Action, and (3) dismiss this Action in its entirety, with prejudice, retaining jurisdiction as necessary to enforce the Parties' settlement.

By: _____   Dated: 2-19-14
Plaintiff Kenneth Smith

By: _____   Dated: 2/20/14
Andrew Ross Frisch, Esq., Morgan & Morgan, P.A
Counsel for Plaintiff

By: _____   Dated: 2/20/14
Beth Hirsch Berman, Esq., Williams Mullen
Counsel for Defendant Dollar Tree Stores, Inc.


It is hereby ORDERED that the settlement between Plaintiff and Dollar Tree is APPROVED and the Action, including Plaintiff's claims in the Action and all class and collective allegations in this Action, is DISMISSED in its entirety, with prejudice, with each party to bear its own costs and attorneys' fees. The Court shall retain jurisdiction as necessary to enforce the Parties' settlement.

SO ORDERED this ____ day of _____, 2014.


_____
United States District Court Judge