

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KENNETH SMITH, on his own behalf and
on behalf of others similarly situated,

    Plaintiff,

v.                                                    CIVIL ACTION NO. 2:12cv267

DOLLAR TREE STORES, INC.,

    Defendant.

## *MEMORANDUM ORDER ON SETTLEMENT APPROVAL*

Before the Court is the parties' Joint Motion for Approval of Settlement Agreement and to Dismiss Lawsuit With Prejudice. Dkt. No. 55. Plaintiff filed a complaint alleging that Defendant failed to pay overtime wages and have committed other violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.* The parties eventually informed the Court that they reached a settlement and filed a Joint Motion for Approval of Confidential Settlement Agreement and to Dismiss Lawsuit with Prejudice. Dkt. No. 50. Because "there is a judicial prohibition against the unsupervised waiver or settlement of claims" under the FLSA, *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007), the Court held a hearing on the matter on February 10, 2014.

At the hearing, the Court ascertained that the monetary settlements were a fair and reasonable resolution of a *bona fide* dispute between the parties. *See, e.g.*, *Wollinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). Counsel expressed their view that it was a reasonable resolution in light

1

of the posture of the case, and Plaintiff's counsel stated that Plaintiff was satisfied with the settlement amount. However, the Court indicated that it would not approve a settlement agreement that was confidential, as courts routinely reject confidential FLSA settlements as "both contraven[ing] the legislative purpose of the FLSA and undermin[ing] the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Dees*, 706 F. Supp. 2d at 1242-43. Further, the Court also stated its concern regarding the extraordinarily broad liability release provisions contained in the original settlement agreements. *Saman v. LBDP, Inc.*, 2013 WL 2949047 (D. Md. June 13, 2013). It directed counsel to submit a revised agreement after discussing the matter with their clients.

The parties have submitted a revised agreement that is part of the public record and that contains narrowed release provisions, largely confining the release of liability to matters arising out of the subject matter of the instant suit. However, the revised agreement still contains a "Non-Disparagement" clause in Paragraph 11, which the Court concludes is the functional equivalent of a confidentiality clause. Therefore, Paragraph 11 of the revised agreement, entitled "Non-Disparagement," is **STRICKEN**. With the exception of the stricken portion, the revised settlement agreement is **APPROVED** and the Complaint is **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction to enforce the approved settlement agreement, as necessary.

Because the revised settlement agreement is part of the public record as Exhibit A to the instant motion, Dkt. No. 55-1, the Interested Party's Motion in Opposition contesting the sealing of the approved settlement agreement is **DENIED AS MOOT**. Dkt. No. 53.

The parties' first Motion for Approval of the first version of the settlement agreement, Dkt. No. 50, is also **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 27, 2014

Raymond A. Jackson
United States District Judge